UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENOMATICA, INC., Plaintiff, v. KETONEAID, INC., Defendant. | Case No.: 3:26-cv-02808-JES-SBC |
| KETONEAID, INC., Counterclaim Plaintiff, v. GENOMATICA, INC., and KEYED,INC., Counterclaim Defendants. | **ORDER:** **(1) GRANTING EX PARTE MOTION TO WITHDRAW AS COUNSEL;** **(2) DENYING JOINT MOTION TO EXTEND GENOMATICA, INC.'S AND KEYED, INC.'S DEADLINES TO RESPOND TO KETONEAID, INC.'S AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** **(3) DENYING JOINT MOTION OF PLAINTIFF GENOMATICA, INC. AND DEFENDANT AND COUNTERCLAIM-PLAINTIFF KETONEAID, INC. TO EXTEND KETONEAID, INC.'S DEADLINE TO RESPOND TO GENOMATICA, INC.'S FIRST AMENDED ANSWER AND COUNTERCLAIMS-IN-REPLY** **[ECF Nos. 56, 66, 67]** |

//

On September 23, 2026, counsel for Plaintiff and Counterclaim Defendant at the law firm Greenberg Traurig, LLP ("Greenberg Traurig") filed an ex parte motion to withdraw as counsel of record for Genomatica, Inc. ("Genomatica"). ECF No. 56. Defendant and Counterclaim Plaintiff KetoneAid, Inc. ("KetoneAid") filed a response opposing an unconditional grant of withdrawal. ECF No. 57.

Also pending are the parties' joint motions to extend: (1) Genomatica's and Counterclaim Defendant Keyed, Inc.'s deadlines to respond to KetoneAid's Amended Answer, Affirmative Defenses, and Counterclaims; and (2) KetoneAid's deadline to respond to Genomatica's First Amended Answer and Counterclaims-in-Reply. ECF Nos. 66, 67.

Having considered the motion to withdraw, KetoneAid's response, and the pending joint motions, the Court **GRANTS** withdrawal of counsel subject to the requirements below, **DENIES** the joint motions to extend deadlines **AS MOOT**, and **STAYS** pending and future deadlines as set forth herein.

## I. LEGAL STANDARD

An attorney may not withdraw as counsel of record without leave of court. *P.I.C. Int'l, Inc. v. Gooper Hermetic, Ltd.*, No. 3:19-CV-00734-BEN-LL, 2020 WL 2992194, at *1 (S.D. Cal. June 4, 2020) (citation omitted); *see* Civ. L.R. 83.3(f). The decision whether to permit withdrawal is committed to the Court's discretion. *Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017 WL 7362740, at 1 (S.D. Cal. Mar. 27, 2017). "In ruling on such a motion, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010).

California Rule of Professional Conduct 1.16(b)(4) permits withdrawal where a client's conduct renders it unreasonably difficult for counsel to carry out the representation effectively. Cal. R. Prof. Conduct 1.16(b)(4). Rule 1.16(b)(5) also permits withdrawal

where a client breaches a material term of an agreement or obligation relating to the representation after reasonable warning that counsel will withdraw unless the obligation is fulfilled. Cal. R. Prof. Conduct 1.16(b)(5). Courts have held that failure to pay attorney's fees may constitute such a valid ground for withdrawal. *Leatt*, 2010 WL 444708, at *2.

A corporation may appear in federal court only through licensed counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *see* Civ. L.R. 83.3(j). A corporate party's failure to secure or retain counsel may have its answer stricken and default judgment entered against it. *Osgood*, 2017 WL 7362740, at *2; *see Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007). Failure to obtain counsel necessary to prosecute affirmative claims may likewise warrant dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Temujin Labs Inc. v. Translucence Rsch., Inc.*, 2025 WL 277402, at *2 (N.D. Cal. Jan. 23, 2025), *report and recommendation adopted*, 2025 WL 523893 (N.D. Cal. Feb. 18, 2025).

This District's Local Rules require that a motion to withdraw must be served on the client and adverse parties and supported by declaration. Civ L.R. 83.3(f)(3).

## II. DISCUSSION

### A. Good Cause Exists for Withdrawal

Greenberg Traurig represents that Genomatica has not paid for substantial work performed in this litigation and that persons reasonably believed to be authorized to act for Genomatica, GMA (ABC), LLC ("GMA"), advised the firm that no funds remain for additional legal work and directed Greenberg Traurig to stop work. Decl. of Brent D. Sokol ("Sokol Decl."), ECF No. 56-1 ¶ 2. On September 15, 2026, Greenberg Traurig advised GMA that it intended to withdraw because of the nonpayment and lack of funds. *Id.* Genomatica has neither affirmed that it will pay outstanding or future fees nor revoked its instruction that counsel cease work. *Id.*

The supporting declaration also describes counsel's notice to Genomatica and the other parties, its communications concerning the requested withdrawal, and service of the

motion and declaration. Id. ¶¶ 3, 5–9. The Court finds that Greenberg Traurig has satisfied the notice and service requirements of Civil Local Rule 83.3(f)(3).

Genomatica's nonpayment, stated inability to fund continued representation, and instruction that counsel cease work establish good cause for withdrawal under California Rules of Professional Conduct 1.16(b)(4) and (5). *See Leatt*, 2010 WL 444708, at *2.

**B. Genomatica Must Retain Substitute Counsel or Risk Default Proceedings**

The remaining factors favor withdrawal subject to conditions that limit prejudice and delay. As described in the supporting declaration, the pleadings remain unsettled and no trial date has been set. Sokol Decl. ¶ 4. The Court nevertheless recognizes KetoneAid's concern that unconditional withdrawal could leave Genomatica unable to prosecute its affirmative claims or defend against KetoneAid's counterclaims while requiring the remaining parties to expend resources on deadlines that may become unnecessary. *See* Response in Opposition re Ex Parte Motion to Withdraw as Counsel ("Response"), ECF No. 57 at 4.

Genomatica is a corporation and pursuant to Civil Local Rule 83.3(j) must have representation through an attorney. The Court recognizes that granting the motion to withdraw will leave Genomatica without counsel. Rule 83.3(j) is not offended when a court orders an unrepresented entity to find substitute counsel and provides time to do this on the condition that failure to do so will expose the party to default proceedings. *Osgood*, 2017 WL 7362740, at *2.

**III. CONCLUSION AND ORDER**

For the foregoing reasons, the Court **ORDERS** as follows:

1. Greenberg Traurig's ex parte motion to withdraw as counsel of record for Genomatica (ECF No. 56) is **GRANTED**.
2. By not later than **November 4, 2026**, Greenberg Traurig shall: (a) serve a copy of this Order on Genomatica; (b) inform Genomatica, through its known representatives such as GMA, of the contents of this Order by email and by telephone, to the extent reasonably available, specifically

identifying the fourteen-day deadline and the consequences of failing to obtain substitute counsel; and (c) file proof of service and a declaration of compliance.

3. By not later than **November 13, 2026**, Genomatica **SHALL** retain substitute counsel authorized to practice before this Court and SHALL cause that counsel to file a notice of appearance on Genomatica's behalf.
4. Genomatica is expressly warned that, if substitute counsel does not file a notice of appearance within fourteen (14) days after entry of this Order: (a) Genomatica's Complaint (ECF No. 1) and its Counterclaims-in-Reply, as amended in ECF No. 46, **SHALL BE DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with this Order; (b) Genomatica's Answer and defenses to KetoneAid's counterclaims, as set forth in ECF No. 46, **SHALL BE STRICKEN**; and (c) the Clerk of Court **SHALL ENTER DEFAULT** against Genomatica under Federal Rule of Civil Procedure 55 on KetoneAid's operative counterclaims against Genomatica.
5. The joint motion to extend Genomatica's and Keyed, Inc.'s deadlines to respond to KetoneAid's Amended Answer, Affirmative Defenses, and Counterclaims (ECF No. 66) is **DENIED AS MOOT**.
6. The joint motion to extend KetoneAid's deadline to respond to Genomatica's First Amended Answer and Counterclaims-in-Reply (ECF No. 67) is **DENIED AS MOOT**.
7. All pending and future deadlines in this action are **STAYED** pending resolution of Genomatica's representation and further order of the Court. This stay includes all deadlines to answer or otherwise respond to pleadings, provide discovery or initial disclosures, move to compel discovery, and comply with existing scheduling orders. The Court will

address the status of the action and reset applicable deadlines by further order.

**IT IS SO ORDERED**.

Dated: October 30, 2026

Honorable James E. Simmons Jr.
United States District Judge